IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

___

| | |
|---|---|
| LORETTA LOCK, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | No. 15-cv-02647-STA-tmp |
| ) | |
| FEDEX CORPORATE SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |

___

**ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL DISMISSAL**
___

Before the Court is Defendant FedEx Corporate Services, Inc.'s Motion for Partial Dismissal (ECF No. 2) filed on September 29, 2015. Local Rule 12.1(b) requires a party opposing a motion to dismiss to respond within 28 days after the motion is served. Plaintiff Loretta Lock's response was due then by October 27, 2015. To date Plaintiff has failed to respond to Defendant's Motion for Partial Dismissal. For the reasons set forth below, the Motion for Partial Dismissal is **GRANTED**.

### BACKGROUND

On December 30, 2014, Plaintiff filed her initial Complaint in the Circuit Court for Shelby County, Tennessee for the Thirtieth Judicial District at Memphis. Plaintiff alleged claims against Defendant for retaliatory discharge under the Tennessee Lawful Employment Act as well as under Tennessee common law. The Complaint alleged that on February 14, 2013, Plaintiff's supervisor yelled at her and slapped her on the buttocks. (Compl. ¶ 10, ECF No. 2-4.) Both Plaintiff and her supervisor were subsequently suspended with pay. (*Id.* ¶ 13.) Upon her return to work, Plaintiff was instructed to continue to report to the same supervisor. (*Id.* ¶¶ 14, 15.) On

September 10, 2012, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission, complaining about the assault. (*Id.* ¶ 16.) In January 2013, Plaintiff was again suspended, pending an investigation into Plaintiff's purported violation of an unspecified company policy. (*Id.* ¶ 17.) Finally, in May 2013 Defendant "effectively" terminated Plaintiff's employment "as there had been no objective medical findings to substantiate a continued medical leave." (*Id.* ¶ 19.) The EEOC issued Plaintiff a right-to-sue letter on September 30, 2014. (*Id.* ¶ 22.)

According to Defendant's Motion for Partial Dismissal, Defendant moved to dismiss Plaintiff's original Complaint for failure to state a claim while this matter was still pending in state court. The state court granted Defendant's motion to dismiss but also granted Plaintiff an opportunity to file an amended pleading. On September 14, 2015, Plaintiff filed a First Amended Complaint. The First Amended Complaint alleges claims against Defendant for violations of the Tennessee Human Rights Act (count 1), the Tennessee Disabilities Act (count 2), the Tennessee Public Protection Act (count 3), Tennessee common law retaliatory discharge (count 4), violations of due process and equal protection under the Tennessee Constitution (count 5), violations of Title VII of the Civil Rights Act of 1964 (count 6), violations of 42 U.S.C. § 1981 (count 7), and violations of the Americans with Disabilities Act (count 8). On September 29, 2015, Defendant removed Plaintiff's First Amended Complaint to this Court on the basis of the federal questions presented by Plaintiff's Title VII, section 1981, and ADA claims.

Defendant now moves for the dismissal of the Tennessee constitutional claim alleged as count 5 and the ADA claim alleged as count 8. The First Amended Complaint alleges in count 5 that Defendant violated Plaintiff's right to due process and equal protection under the Tennessee constitution by failing to protect Plaintiff from discrimination. Plaintiff alleges that Defendant

2

discriminated against her by scrutinizing her work more closely and treating her differently than similarly situated white employees who were not punished for violating the same company policies. (First Am. Comp. ¶ 79, ECF No. 2-3.) The First Amended Complaint alleges in count 8 that Defendant is liable under the ADA for the failure to instruct supervisory employees about disability discrimination. (*Id.* ¶ 95.) Plaintiff alleges elsewhere in her First Amended Complaint that she took 292 days of leave between August 2012 and January 2013 as she coped with "the stress of working in a hostile work environment" and dealt with post-traumatic stress disorder. (*Id.* ¶¶ 38, 39.) The First Amended Complaint also alleges that Plaintiff's EEOC charge complained about race and disability discrimination. (*Id.* ¶¶ 12, 49.)

## STANDARD OF REVIEW

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6). When considering a Rule 12(b)(6) motion, the Court must treat all of the well-pleaded allegations of the pleadings as true and construe all of the allegations in the light most favorable to the non-moving party.[1] However, legal conclusions or unwarranted factual inferences need not be accepted as true.[2] "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim."[3] Under Rule 8 of the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[4] Although this standard does not require "detailed

---

[1] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Saylor v. Parker Seal Co.*, 975 F.2d 252, 254 (6th Cir. 1992).

[2] *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

[3] *Wittstock v. Mark a Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003).

[4] Fed. R. Civ. P. 8(a)(2).

factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."[5] In order to survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face."[6] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[7]

## ANALYSIS

In its Motion for Partial Dismissal, Defendant makes two straight-forward arguments. First, Plaintiff has failed to state a claim under the Tennessee constitution because no private right of action exists to enforce the protections of the Tennessee constitution. Second, Plaintiff's ADA claim is now time-barred and does not relate back to Plaintiff's original Complaint. The Court holds that Defendant's arguments have merit.

**I. Due Process and Equal Protection under the Tennessee Constitution**

The First Amended Complaint alleges that Defendant is liable for the violation of Plaintiff's due process and equal protection rights under the Tennessee constitution. Plaintiff has failed to state such a claim. Courts applying Tennessee law have held there is no private right of action for damages under the Tennessee Constitution.[8] Generally speaking, a private

---

[5] *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). *See also Reilly v. Vadlamudi*, 680 F.3d 617, 622 (6th Cir. 2012) (quoting *Twombly,* 550 U.S. at 555).

[6] *Twombly*, 550 U.S. at 555, 570.

[7] *Iqbal*, 556 U.S. at 678.

[8] *Cline v. Rogers,* 87 F.3d 176, 179 (6th Cir. 1996); *Holloran v. Duncan,* 92 F. Supp. 3d 774, 803 (W.D. Tenn. 2015); *DeSoto v. Bd. of Parks & Recreation*, 64 F. Supp. 3d 1070, 1083 (M.D. Tenn. 2014); *United Pet Supply, Inc. v. City of Chattanooga*, 921 F. Supp. 2d 835, 861

entity like Defendant is not a state actor amenable to suit for alleged constitutional violations.[9] Therefore, Defendant's Motion is **GRANTED** as to Plaintiff's claim under the Tennessee Constitution.

**II. Americans with Disabilities Act**

The First Amended Complaint further alleges that Defendant is liable for violations of the ADA. Defendant now moves to dismiss this claim as time-barred. Defendant argues that Plaintiff had to exhaust her administrative remedies as to her ADA claim before filing suit and then had 90 days from the receipt of her right-to-sue letter in which to file her judicial complaint for relief. According to the pleadings, Plaintiff received her right-to-sue letter on September 30, 2014. Thus, Plaintiff had 90 days from that date in which to bring her complaint for violations of the ADA. Plaintiff filed her initial Complaint 91 days after she received her right-to-sue letter, and her initial Complaint did not allege an ADA claim. Plaintiff first alleged an ADA claim in her First Amended Complaint, which she filed on September 14, 2015, approximately one year after she received her right-to-sue letter from the EEOC. Therefore, Defendant argues the claim should be dismissed. The Court agrees.

A statute of limitations is an affirmative defense under Federal Rule of Civil Procedure 8(c), and so it is typically inappropriate to dismiss a claim as untimely on a Rule 12(b)(6) motion.[10] But when the allegations on the face of the complaint show that the claim is time-

---

(E.D. Tenn. 2013); *Bowden Bldg. Corp. v. Tenn. Real Estate Comm'n,* 15 S.W.3d 434, 446 (Tenn. Ct. App. 1999).

[9] *Cohn v. Nat'l Bd. of Trial Advocacy*, 238 F.3d 702, 704 (6th Cir. 2000) (citing *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 156 (1978)).

[10] *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012).

5

barred, dismissal under Rule 12(b)(6) is proper.[11] The Sixth Circuit has held that a plaintiff has an "obligation" to plead facts in avoidance of the statute of limitations when "the face of the complaint discloses a failure to file within the time allowed."[12] In other words, where a complaint "affirmatively indicates that the time limit for bringing the claim has passed," the plaintiff cannot "escape the statute by saying nothing."[13]

A plaintiff asserting a claim under the ADA must file suit within ninety days of receiving a right-to-sue letter from the EEOC.[14] Although Plaintiff has not made her right-to-sue letter part of the record, her original Complaint alleges that she received a right-to-sue letter on September 30, 2014, and her First Amended Complaint alleges that her charge of discrimination complained about race and disability discrimination. Accepting as true that Plaintiff exhausted her administrative remedies for an ADA claim (and Defendant has not argued otherwise), it is clear that Plaintiff had 90 days from September 3, 2014, in which to file a judicial complaint asserting the ADA claim against Defendant. Plaintiff did not plead an ADA claim in her opening pleading but waited almost one year after receiving her right-to-sue letter to bring the claim in her amended pleading. This Court has held in other cases that discrimination claims raised for the first time in an amended pleading and outside of the 90-day time limit for filing suit are time-

---

[11] *Jones v. Bock*, 549 U.S. 199, 215 (2007).

[12] *Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516 (6th Cir. 2008) ("It is not enough for plaintiffs to argue that the complaint, because it is silent as to when they first acquired actual knowledge must be . . . construed as not precluding the possibility that they will be able to prove facts establishing their entitlement to relief.").

[13] *Hoover v. Langston Equip. Assocs., Inc.*, 958 F.2d 742, 745 (6th Cir. 1992).

[14] 42 U.S.C. § 12117(a) (adopting Title VII's "powers, remedies, and procedures" for ADA claims); *Mayers v. Sedgwick Claims Mgmt. Servs., Inc.*, 101 F. App'x 591, 593 (6th Cir. 2004) (citing *Peete v. Am. Standard Graphic*, 885 F.2d 331, 331-32 (6th Cir. 1989)).

barred.[15] Therefore, the Court concludes that Plaintiff's ADA claim is now time-barred because Plaintiff did not assert the claim within 90 days of receiving her right-to-sue letter.

Defendant goes on to argue that the ADA claim should not relate back to the original complaint for purposes of the statute of limitations. Rule 15(c)(2) provides that amended pleadings "relate back to the date of the original pleading when the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading."[16] In other words, Plaintiff's ADA claim may relate back to her original Complaint and be considered timely if her ADA claim arose out of the same acts alleged in her original Complaint. Plaintiff's original judicial pleading only alleged that Plaintiff was discharged in retaliation for filing an EEOC charge over her confrontation with a supervisor and the supervisor's unwelcome physical contact with Plaintiff. While the initial Complaint makes a passing reference to medical leave, the original pleading never mentions disability discrimination, either under the ADA or the Tennessee Disability Act. For that matter, the First Amended Complaint alleges disability discrimination but without identifying what Plaintiff's disability is. The First Amended Complaint mentions that Plaintiff suffered from post-traumatic stress disorder as a consequence of her hostile work environment. However, the First Amended Complaint does not allege whether this was Plaintiff's disability or how Defendant denied her any rights under the ADA. The Court has no basis to conclude that Plaintiff's ADA claim arose out of the same conduct (retaliatory discharge) alleged in the original Complaint. Therefore, Defendant's Motion is **GRANTED** as to this issue.

---

[15] *Simpson v. G4S Secure Solution (USA), Inc.*, No. 12-2875-STA, 2013 WL 2014493, at *1 (W.D. Tenn. May 13, 2013); *Simns v. Maxim Healthcare Servs., Inc.*, No. 11-1052-JDB, 2013 WL 435293, at * 4 (W.D. Tenn. Feb. 4, 2013); *Reynolds v. Solectron Global Servs.*, 358 F. Supp. 2d 688, 693 (W.D. Tenn. 2005) (McCalla, C.J.).

[16] Fed. R. Civ. P. 15(c)(1)(B); *Mayle v. Felix*, 545 U.S. 644, 656 (2005).

## **CONCLUSION**

The First Amended Complaint fails to state a claim for the violation of Plaintiff's rights under the Tennessee constitution or a violation of the ADA. Therefore, Defendant's Motion for Partial Dismissal is **GRANTED**.

**IT IS SO ORDERED.**

                                        **s/ S. Thomas Anderson**
                                          S. THOMAS ANDERSON
                                          UNITED STATES DISTRICT JUDGE

                                          Date: November 12, 2015.